UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

| | |
|---|---|
| THE HANOVER INSURANCE GROUP<br>Plaintiff<br><br>v.<br><br>ROSALYN A. CAPALDI<br>Defendant | CIVIL ACTION NO.<br>CA 06 493 S |

COMPLAINT

**PARTIES**

1. The Hanover Insurance Group ("Hanover") is a Delaware corporation with its principal place of business in Worcester, Massachusetts.

2. Defendant Rosalyn A. Capaldi ("Capaldi") is a resident of Smithfield, Rhode Island and can be served at 116 Orchard Meadow Drive, Smithfield, RI 02917 and is a Rhode Island citizen.

**JURISDICTION AND VENUE**

3. This court has jurisdiction over this cause under 28 U.S. C. §1332(a)(1) in that the matter in controversy, exclusive of interests and costs, exceeds the sum or value of $75,000, and is between citizens of different states.

4. Venue is proper in this court under 28 U.S. C. §1391(a) as a substantial part of the events giving rise to this claim occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

5. Hanover is in the business of providing surety bonds to contractors and other companies.

6. Hanover provided Surety Bonds to V.F. Capaldi Construction Corporation ("V.F. Capaldi"), as principal, to various owners and general contractors, and which bonds secured the obligations of V.F. Capaldi to perform construction required by underlying contracts or subcontracts to these entities and to pay for labor and material required for the completion of these contracts.

7. In partial consideration of the issuance of the surety bonds by Hanover on behalf of V.F. Capaldi, V.F. Capaldi and defendant Capaldi executed an Agreement of Indemnity ("Indemnity Agreement") in favor of Hanover. A true and accurate copy of the Indemnity Agreement is attached to this Complaint as Exhibit A.

8. Pursuant to the Indemnity Agreement, particularly paragraph 2 of the Indemnity Agreement, defendant Capaldi agreed to, among other things:

> "exonerate, indemnify and save harmless the Surety (Hanover) from and against every claim, demand, liability, cost, charge, suit, judgment and expense which the Surety may pay or incur, including, but not limited to, loss, interest, court costs and consultant and attorney fees
>
> a.) by having executed or procured the execution of the bonds; or
>
> b.) in making an independent investigation of any claim, demand, or suit; or
>
> c.) in defending any suit, action, mediation, arbitration or any other proceeding to obtain release from liability whether the Surety, in its sole discretion, elects to employ its own attorney or permits or requires Indemnitors to defend the Surety; or

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

| | |
|---|---|
| THE HANOVER INSURANCE GROUP<br>Plaintiff<br><br>v.<br><br>ROSALYN A. CAPALDI<br>Defendant | CIVIL ACTION NO.<br>CA 06 493 S |

COMPLAINT

**PARTIES**

1. The Hanover Insurance Group ("Hanover") is a Delaware corporation with its principal place of business in Worcester, Massachusetts.

2. Defendant Rosalyn A. Capaldi ("Capaldi") is a resident of Smithfield, Rhode Island and can be served at 116 Orchard Meadow Drive, Smithfield, RI 02917 and is a Rhode Island citizen.

**JURISDICTION AND VENUE**

3. This court has jurisdiction over this cause under 28 U.S. C. §1332(a)(1) in that the matter in controversy, exclusive of interests and costs, exceeds the sum or value of $75,000, and is between citizens of different states.

4. Venue is proper in this court under 28 U.S. C. §1391(a) as a substantial part of the events giving rise to this claim occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

5. Hanover is in the business of providing surety bonds to contractors and other companies.

6. Hanover provided Surety Bonds to V.F. Capaldi Construction Corporation ("V.F. Capaldi"), as principal, to various owners and general contractors, and which bonds secured the obligations of V.F. Capaldi to perform construction required by underlying contracts or subcontracts to these entities and to pay for labor and material required for the completion of these contracts.

7. In partial consideration of the issuance of the surety bonds by Hanover on behalf of V.F. Capaldi, V.F. Capaldi and defendant Capaldi executed an Agreement of Indemnity ("Indemnity Agreement") in favor of Hanover. A true and accurate copy of the Indemnity Agreement is attached to this Complaint as Exhibit A.

8. Pursuant to the Indemnity Agreement, particularly paragraph 2 of the Indemnity Agreement, defendant Capaldi agreed to, among other things:

> "exonerate, indemnify and save harmless the Surety (Hanover) from and against every claim, demand, liability, cost, charge, suit, judgment and expense which the Surety may pay or incur, including, but not limited to, loss, interest, court costs and consultant and attorney fees
>
> a.) by having executed or procured the execution of the bonds; or
>
> b.) in making an independent investigation of any claim, demand, or suit; or
>
> c.) in defending any suit, action, mediation, arbitration or any other proceeding to obtain release from liability whether the Surety, in its sole discretion, elects to employ its own attorney or permits or requires Indemnitors to defend the Surety; or

d.) in enforcing any of the covenants, terms and conditions of this Agreement.

9. Hanover wrote performance and payment bonds on behalf of V.F. Capaldi Construction Corporation in the amount of $1,497,777 on behalf of the City of East Providence, East Providence, Rhode Island, as obligee, relating to a project commonly known as Wampanoag Trail Water Transmission Main ("East Providence Project"). True and accurate copies of the payment and performance bonds are attached to this Complaint as Exhibit B.

10. The City of East Providence and various labor and material suppliers of V.F. Capaldi made claims against Hanover under the performance and payment bonds. In addition, as a result of the claims under the payment and performance bonds, Hanover necessarily incurred attorney and consultant fee expenses.

11. As a result of the payment and performance bond claims, Hanover suffered a net loss in the amount of $46,520.75. In addition, Hanover incurred attorney fee and consultant fee expenses totaling $48,008.50. Hanover's total loss is $94,529.25.

12. Pursuant to Paragraph 3 of the Indemnity Agreement, the Indemnitors were obligated to post collateral with Hanover to secure Hanover from any loss, expense, etc. By letter dated May 23, 2002, Hanover made demand upon defendant Capaldi to post collateral in the amount of $500,000, which reflected the amount of the claims pending against the payment and performance bonds at the time. Defendant Capaldi refused to post collateral. A true and accurate copy of the May 23, 2002 letter from Hanover to Capaldi demanding collateral is attached to this Complaint as Exhibit C.

13. In 2002, defendant Capaldi filed a petition placing V.F. Capaldi in receivership in Rhode Island Superior Court. That action has since been dismissed and the assets of V.F. Capaldi disbursed.

**COUNT I**
**(BREACH OF CONTRACT)**

14. Hanover adopts and realleges paragraphs 1 through 13 as and for paragraphs 1 through 13 of Count I as though fully set forth herein.

15. Pursuant to the Indemnity Agreement, defendant Capaldi is obligated to indemnify Hanover from all losses, costs, damages, attorney fees, disbursements and expenses of every nature and kind, including interest.

16. Despite Hanover's demands, defendant Capaldi has breached the Indemnity Agreement by failing and refusing to indemnify and hold Hanover harmless from all loss, expense and interest.

17. Hanover has been damaged by defendant Capaldi's material breach of the Indemnity Agreement in the amount of $94,529.25, plus accrued interest since 2002.

WHEREFORE, Hanover prays the Court to enter an order of judgment against defendant Capaldi in the amount of $94,529.25, plus interest, and attorney fees, costs and expenses incurred by Hanover in pursuing this collection action, and for such further relief as the Court deems just, expedient and appropriate.

Respectfully submitted,

THE HANOVER INSURANCE GROUP

By its attorney,

Kevin C. Cain, #3960
PEABODY & ARNOLD LLP
30 Rowes Wharf
Boston, MA 02110
[617] 951.2100

PABOS2:RRITLAN:645813_1
2114-91425