ALLMERICA FINANCIAL®

HANOVER®
INSURANCE

May 23, 2002

Rosalyn A. Capaldi,
Personal Indemnitor
116 Orchard Meadow Drive
Smithfield, RI 02917

| | | |
|---|---|---|
| **RE:** | **Principal:** | **V.F. Capaldi Construction** |
| | **Bond No:** | **BCN-1692208** |
| | **Claim No.:** | **23035** |
| | **Obligee:** | **City of East Providence** |
| | **Project:** | **Wampanoag Trail Water Transmission Main** |

Dear Mrs. Capaldi:

The letter follows our meeting in your office on Tuesday, May 21, 2002. In that meeting, we discussed the status of the above referenced project and your plans to have Karen Capaldi complete the project using her own company with V.F. Capaldi equipment and some of the workforce that formerly worked for V.F. Capaldi. As I stated in our meeting, based on the limited information provided to us to date, it appears that this might be the best approach to getting this project completed quickly and efficiently and, hopefully, within the original cost projections. The City representatives seem satisfied that this can work as well and have told me verbally they would rather have you complete the project through this alternate approach than place V.F. Capaldi in default and demand that the surety complete. However, since V.F. Capaldi has not been placed in default by the City, it has also not asked Hanover officially to take any steps in regard to completion of the project. All parties involved, however, seem to be looking to the surety for approval of this approach and direction as to how best to proceed. As you know, the situation is further complicated because V.F. Capaldi is in receivership and the receiver has control over all company assets, including project funds recently paid to V.F. Capaldi for a March pay requisition.

Please understand that the surety is not in the advice business. While, as stated earlier, this alternate approach seems attractive and possible, we cannot advise you as to what approach you should take. We do take this opportunity, however, to remind you, as personal indemnitor on the bond Hanover provided to V.F. Capaldi for this project, that it is your duty to hold Hanover harmless from all loss, cost, and/or expense in this matter. We reiterate our demand to be placed in a collateralized position. If you go forward with this alternate approach, this is critical. A sum of $500,000 seems appropriate, given the status of the job. We also request a copy of your most recent financial statement.

In addition, if this alternate approach is taken, the surety would want to make sure that any project funds received (past or future) are used exclusively for this project and not some other project that was not bonded by Hanover. We understand that you are meeting with the receiver this afternoon to discuss the alternate completion plan. We presume you will be asking the receiver about the project funds last paid to V.F. Capaldi just prior the company going into receivership. You indicated that there was approximately $140,000 left from the roughly $190,000 March pay request just prior to closing down the company. Those funds should be used to satisfy obligations on this bonded project.

Finally, we ask that you provide Hanover with a list of the outstanding payables on the project. Hanover has been contacted by two subcontractors/vendors so far and will be forwarding copies of those and any other demands to you under separate cover for your review and response.

Let me know if you have any questions and please keep us advised of the status of your plans to complete this work.

Very truly yours,

Douglas K. Janssen
Bond Claim Department
Hanover Insurance Company

Cc: Allan Shine,
Diane Finkle.