**PEABODY & ARNOLD LLP**
COUNSELLORS AT LAW

30 ROWES WHARF, BOSTON, MA 02110
[617] 951.2100 FAX [617] 951.2125

BOSTON, MA PROVIDENCE, RI

RONALD E. RITLAND
[617] 951.2011
rritland@peabodyarnold.com

August 28, 2006

**By Certified Mail: return receipt requested**

Rosalyn A. Capaldi
116 Orchard Meadow Drive
Smithfield, RI 02917

| | | |
|---|---|---|
| Re: | Principal: | V.F. Capaldi Construction Corporation |
| | Obligee: | City of East Providence |
| | Project: | Wampanoag Trail Water Transmission Main |
| | Bond No.: | BCN1692208 |

**INDEMNITY DEMAND**

Dear Ms. Capaldi:

As you will recall, Hanover Insurance Company provided performance and payment bonds on behalf of V.F. Capaldi Construction Corporation. Specifically, Hanover wrote a bond on behalf of V.F. Capaldi Construction Corporation ("V.F. Capaldi") on the above project to the City of East Providence in the amount of $1,497,777 dated November 7, 2001. I am attaching to this letter a copy of the payment and performance bonds that Hanover wrote on behalf of V.F. Capaldi.

As partial consideration for Hanover writing bonds on behalf of V.F. Capaldi, V.F. Capaldi and individual indemnitors executed an Agreement of Indemnity ("Indemnity Agreement") dated June 19, 2001. I am attaching a copy of the Indemnity Agreement for your review. As you will recall, you were a individual indemnitor on this indemnity agreement.

Under the terms of the Indemnity Agreement, the indemnitors jointly and severally agreed to, among other things, the following.

"2. The Indemnitors shall exonerate, indemnify and save harmless the Surety from and against every claim, demand, liability, cost, charge, suit, judgment and expense which the Surety may pay or incur, including, but not limited to, loss, interest, court costs and consultant and attorney fees:

(a.) by having executed or procured execution of the bond; or

> (b.) in making an independent investigation of any claim, demand or suit; or
>
> (c.) in defending any suit, action, mediation, arbitration or any other proceeding to obtain release from liability of whether the Surety, in its sole discretion, elects to employ its own attorney or permits or requires Indemnitors to defend the Surety; or
>
> (d.) in enforcing any of the covenants, terms and conditions of this Agreement."

In addition, paragraph 3 of the Indemnity Agreement provides:

> "Payment shall be made to the Surety by the Indemnitors as soon as liability exists or is asserted against the Surety, whether or not the Surety shall have made any payment therefor. ...
>
> The Surety shall have the exclusive right to adjust, settle, or compromise any claim, demand, suit or any other proceeding arising out of any bond against the Surety and/or the Indemnitors, take whatever action it deems appropriate in response thereto, and its determination of whether to defend or settle the same shall be binding and conclusive upon the Indemnitors. In the vent of any payment or disbursement by the Surety, the Indemnitors agree to immediately reimburse the Surety for any and all payments and disbursements made (including, but not limited to, interest from the date of the Surety's payments at the maximum rate allowable) under the Surety's belief that liability for the payments existed or that payment was necessary or expedient, whether or not such liability, necessity or expediency existed. Vouchers or other evidence of payment by the Surety shall be conclusive evidence of the fact and amount of such liability, necessity, or expediency and of the Indemnitors' liability to the Surety therefor."

With regard to the above project and bonds, as you know, in May of 2002, Hanover received a performance bond claim from the City of East Providence. Athe the same time, various labor and material suppliers which supplied labor or material to V.F. Capaldi on the above project filed claims under the payment bond.

By letter dated May 23, 2002 (a copy of which is attached to this letter) Hanover wrote to you to advise you of the claims or potential claims under the bond resulting from the receivership proceeding involving V.F. Capaldi. In addition, Hanover advised you of your duty to hold

Hanover harmless from loss, costs and expense. Specifically, Hanover requested collateral in the sum of $500,000, pursuant to paragraph 3 of the Indemnity Agreement. Hanover also requested a copy of your most recent financial statement.

Unfortunately, you failed or refused to post collateral or forward an up-to-date financial statement. Consequently, Hanover proceeded to discharge its responsibilities under the performance and payment bonds by completing the work of V.F. Capaldi and paying the claims of the labor and material suppliers.

I am attaching copies of payments made by Hanover to claims of labor and material suppliers, which payments total $312,514.27. In addition, I am attaching copies of the checks paid to the attorneys and engineering consultant that assisted Hanover in resolving these claims. These checks total an additional $48,008.50.

As you know, Hanover did recover some of these losses through payment of contract funds from the owner and from a one time payment on Hanover's claim in the receivership action. I am attaching copies of these checks received by Hanover. As you can see, the checks from the owner total $190,993.52. The payment from the receivership estate was $75,000. Therefore, the total recovered was $265,993.52.

After this amount is subtracted from the loss payments made by Hanover, Hanover still has a loss of $46,520.75. In addition, Hanover has paid expense of $48,008.50. Accordingly, the total of loss and expense to Hanover is $94,529.25. Pursuant to the terms of the Indemnity Agreement, Hanover is also entitled to interest on the losses at the current judgment rate of 12%. Hanover estimates that the interest due on this loss and expense, which date back to mostly the year 2002, totals $50,000. That brings the total claim of Hanover against you in this matter to $144,529.25.

Pursuant to its rights under the Indemnity Agreement, Hanover hereby demands that you make payment to it in the amount of $144,529.25 without further delay. If this payment is made within 20 days of the date of this letter, Hanover has authorized me to waive the additional attorney fees it has or will incur through these offices in pursuing recovery of these monies. If arrangement for payment of the amount due to Hanover is not made within 20 days from the date of this letter, Hanover has authorized this office to file suit for all amounts due, including this offices fees incurred in recovering these amounts, without further notice to you.

I look forward to hearing from you. I am forwarding a copy of this letter and the attached materials to your attorney, per his request.

Very truly yours,

Ronald E. Ritland

RER/rla

Enclosures

Cc: Abraham Belilove, Attorney at Law
Arcaro, Belilove & Kolodney
1 Financial Plaza, Suite 1510
Providence, RI 02903

PABOS2:RRITLAN:644403_1
2114-91425