UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

| | |
|---|---|
| THE HANOVER INSURANCE GROUP,<br>Plaintiff,<br>v.<br><br>ROSALYN A. CAPALDI,<br>Defendant. | CIVIL ACTION<br>NO. 06-493-S-LDA |

**PLAINTIFF'S STATEMENT OF UNDISPUTED FACTS**
**<u>REGARDING ITS MOTION FOR SUMMARY JUDGMENT</u>**

The plaintiff The Hanover Insurance Group ("Hanover"), pursuant to Rule 56 of the Local Rules of the United States District Court for the District of Rhode Island, sets forth the following facts that Hanover contends are undisputed and entitle Hanover to judgment as a matter of law:

1. Hanover is in the business of providing surety bonds on behalf of contractors and other companies. (Affidavit Of Joseph P. Quinn In Support Of Plaintiff's Motion For Summary Judgment (the "Quinn Affidavit"), ¶ 2).[1] Hanover provided surety bonds on behalf of V.F. Capaldi, as principal, to various owners and general contractors, and which bonds secured the obligations of V.F. Capaldi to perform construction required by underlying contracts or subcontracts with those entities and to pay for labor and material required for the completion of the contracts. (Quinn Affidavit, ¶ 2).

---

[1] The Quinn Affidavit is one of the pleadings which Hanover is submitting to the court as part of Hanover's motion for summary judgment.

2. In partial consideration of the issuance of the surety bonds by Hanover on behalf of V.F. Capaldi, V.F. Capaldi and Capaldi executed the Indemnity Agreement in favor of Hanover. (Quinn Affidavit, ¶ 3 and Exhibit A). Pursuant to the Indemnity Agreement, particularly paragraph 2 of the Indemnity Agreement, Capaldi agreed to, among other things:

> exonerate, indemnify and save harmless the Surety from and against every claim, demand, liability, cost, charge, suit, judgment and expense which the Surety may pay or incur, including, but not limited to, loss, interest, court costs and consultant and attorney fees:
>
> (a) by having executed or procured the execution of the bonds; or
>
> (b) in making an independent investigation of any claim, demand, or suit; or
>
> (c) in defending any suit, action, mediation, arbitration or any other proceeding to obtain release from liability whether the Surety, in its sole discretion, elects to employ its own attorney or permits or requires Indemnitors to defend the Surety; or
>
> (d) in enforcing any of the covenants, terms and conditions of this Agreement.

(Quinn Affidavit, ¶ 4 and Exhibit A).

3. On or about November 9, 2001, Hanover issued a performance bond and a payment bond, each in the amount of $1,497,777.00, on behalf of V.F. Capaldi, as principal, to East Providence, as obligee, relating to a construction project known as the Wampanoag Trail Water Transmission Main (the “East Providence Project”). (Quinn Affidavit, ¶ 5 and Exhibit B).

4. In May, 2002, during the course of the East Providence Project, V.F. Capaldi filed a petition for receivership in the Rhode Island Superior Court and it stopped working on the East Providence Project. (Quinn Affidavit, ¶ 6). On May 30, 2002, East Providence made a demand on Hanover under the performance bond for Hanover to complete the East Providence Project.

(Quinn Affidavit, ¶ 6). In addition, various labor and material suppliers of V.F. Capaldi made claims against the Hanover payment bond for monies owed to them by V.F. Capaldi on the East Providence Project. (Quinn Affidavit, ¶ 6).

5. Hanover discharged its obligation under the performance bond by arranging for Parkside Utility Construction Corporation ("Parkside") to complete the East Providence Project. (Quinn Affidavit, ¶ 7). Parkside's completion price was $448,484.95, against which was offset V.F. Capaldi's unbilled contract balance of $353,680.00 on its contract with East Providence, leaving a deficit of $94,804.95 which Hanover paid to East Providence. (Quinn Affidavit, ¶ 7 and Exhibit C).

6. With respect to the payment bond claims, Hanover investigated those claims and made the following payments: $1,650.00 to Kraviec Tree Clearing, Inc.; $39,444.99 to Warwick Win Waterworks; and $176,614.33 to U.S. Pipe & Foundry Company, Inc. (Quinn Affidavit, ¶ 8 and Exhibit D).

7. Hanover incurred attorney and consultant fees totaling $48,008.50 in connection with the performance and payment bond claims. (Quinn Affidavit, ¶ 9 and Exhibit E). Hanover engaged the attorneys and consultants in connection with the rebidding for the completion of the East Providence Project, the investigation and resolution of the claims filed against the payment bond, and the issues surrounding V.F. Capaldi's receivership and the competing claims which were made therein by other creditors of V.F. Capaldi with respect to who was entitled to V.F. Capaldi's contract balance on the East Providence Project. (Quinn Affidavit, ¶ 9).

8. Ultimately, Hanover recovered $190,993.52 in contract funds from East Providence on billings made by V.F. Capaldi prior to its filing for receivership, and it received a distribution of $75,000.00 from the V.F. Capaldi receivership, for a total recovery of

$265,993.52. (Quinn Affidavit, ¶ 10). After this recovery amount was subtracted from the total loss payments of $312,514.27 ($94,804.95 on the performance bond, and $217,709.32 on the payment bond), the net loss to Hanover on the V.F. Capaldi performance and payment bonds was $46,520.75, plus attorney and consultant fees of $48,008.50, for a total loss of $94,529.25. (Quinn Affidavit, ¶ 10). The Indemnity Agreement provides in paragraph 3 that Hanover is entitled to interest on its loss amount from the date when the loss was incurred, which was in the fall of 2002. (Quinn Affidavit, ¶ 10 and Exhibit A).

9. Pursuant to paragraph 3 of the Indemnity Agreement, Capaldi was obligated to post collateral with Hanover to secure Hanover from any loss or expense that it may incur on the performance and payment bonds which it issued for V.F. Capaldi. (Quinn Affidavit, ¶ 11 and Exhibit A). By letter dated May 23, 2002, Hanover made demand upon Capaldi to post collateral in the amount of $500,000.00, which reflected the amount of the claims pending against the payment and performance bonds at that time. (Quinn Affidavit, ¶ 11). Capaldi failed to post any collateral. (Quinn Affidavit, ¶ 11).

10. The Indemnity Agreement provides that Hanover is entitled to recover its attorney fees incurred in enforcing the Indemnity Agreement against Capaldi. (Quinn Affidavit, ¶ 12 and Exhibit A). Hanover will submit to the court at the hearing on the motion for summary judgment

an affidavit detailing the attorney fees incurred by Hanover as of that date in bringing this lawsuit against Capaldi. (Quinn Affidavit, ¶ 12).

PLAINTIFF THE HANOVER INSURANCE GROUP
By its attorneys,

/s/ Kevin C. Cain
Kevin C. Cain, #3960
John P. Connelly, pro hac vice
PEABODY & ARNOLD LLP
30 Rowes Wharf
Boston, MA 02110
(617) 951-2100

Dated: March 5, 2007

CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of March, 2007, the foregoing was filed electronically and is available for viewing and downloading from the ECF system.

/s/ Kevin C. Cain
Kevin C. Cain, #3960

656439