UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

| | |
|---|---|
| THE HANOVER INSURANCE GROUP,<br>Plaintiff,<br>v.<br>ROSALYN A. CAPALDI,<br>Defendant. | CIVIL ACTION<br>NO. 06-493-S-LDA |

**AFFIDAVIT OF JOSEPH P. QUINN IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

I, Joseph P. Quinn, hereby depose under oath and state as follows:

1. I am a Bond Claim Attorney with the plaintiff The Hanover Insurance Group ("Hanover"). I am authorized to make this affidavit on behalf of Hanover. This affidavit is made upon personal knowledge, including, but not limited to, my review of documents maintained in the ordinary course of business at Hanover.

2. Hanover is in the business of providing surety bonds on behalf of contractors and other companies. Hanover provided surety bonds on behalf of V.F. Capaldi Construction Corporation ("V.F. Capaldi"), as principal, to various owners and general contractors, and which bonds secured the obligations of V.F. Capaldi to perform construction required by underlying contracts or subcontracts with those entities and to pay for labor and material required for the completion of the contracts.

3. In partial consideration of the issuance of the surety bonds by Hanover on behalf of V.F. Capaldi, V.F. Capaldi and the defendant Rosalyn A. Capaldi ("Capaldi") executed an Agreement Of Indemnity (the "Indemnity Agreement") in favor of Hanover. A true and accurate copy of the Indemnity Agreement is attached hereto as Exhibit A.

4. Pursuant to the Indemnity Agreement, particularly paragraph 2 of the Indemnity Agreement, Capaldi agreed to, among other things:

> exonerate, indemnify and save harmless the Surety from and against every claim, demand, liability, cost, charge, suit, judgment and expense which the Surety may pay or incur, including, but not limited to, loss, interest, court costs and consultant and attorney fees:
>
> (a) by having executed or procured the execution of the bonds; or
>
> (b) in making an independent investigation of any claim, demand, or suit; or
>
> (c) in defending any suit, action, mediation, arbitration or any other proceeding to obtain release from liability whether the Surety, in its sole discretion, elects to employ its own attorney or permits or requires Indemnitors to defend the Surety; or
>
> (d) in enforcing any of the covenants, terms and conditions of this Agreement.

5. On or about November 9, 2001, Hanover issued a performance bond and a payment bond, each in the amount of $1,497,777.00, on behalf of V.F. Capaldi, as principal, to the City of East Providence, Rhode Island ("East Providence"), as obligee, relating to a construction project known as the Wampanoag Trail Water Transmission Main (the "East Providence Project"). True and accurate copies of the Hanover performance and payment bonds for the East Providence Project are attached hereto as Exhibit B.

6. In May, 2002, during the course of the East Providence Project, V.F. Capaldi filed a petition for receivership in the Rhode Island Superior Court and it stopped working on the East Providence Project. On May 30, 2002, East Providence made a demand on Hanover under the performance bond for Hanover to complete the East Providence Project. In addition, various labor and material suppliers of V.F. Capaldi made claims against the Hanover payment bond for monies owed to them by V.F. Capaldi on the East Providence Project.

7. Hanover discharged its obligation under the performance bond by arranging for Parkside Utility Construction Corporation ("Parkside") to complete the East Providence Project. Parkside's completion price was $448,484.95, against which was applied V.F. Capaldi's unbilled contract balance of $353,680.00 on its contract with East Providence, leaving a deficit of $94,804.95 which Hanover paid to East Providence. A true and accurate copy of the payment from Hanover to East Providence is attached hereto as Exhibit C.

8. With respect to the payment bond claims, Hanover investigated those claims and made the following payments: $1,650.00 to Kraviec Tree Clearing, Inc.; $39,444.99 to Warwick Win Waterworks; and $176,614.33 to U.S. Pipe & Foundry Company, Inc. True and accurate copies of the payments from Hanover to the payment bond claimants are attached hereto as Exhibit D.

9. Hanover incurred attorney and consultant fees totaling $48,008.50 in connection with the performance and payment bond claims. Hanover engaged the attorneys and consultants in connection with the rebidding for the completion of the East Providence Project, the investigation and resolution of the claims filed against the payment bond, and the issues surrounding V.F. Capaldi's receivership and the competing claims which were made therein by other creditors of V.F. Capaldi with respect to who was entitled to V.F. Capaldi's contract

balance on the East Providence Project. True and accurate copies of the payments from Hanover for these attorney and consultant fees are attached hereto as Exhibit E.

10. Ultimately, Hanover recovered $190,993.52 in contract funds from East Providence on billings made by V.F. Capaldi prior to its filing for receivership, and it received a distribution of $75,000.00 from the V.F. Capaldi receivership, for a total recovery of $265,993.52. After this recovery amount was subtracted from the total loss payments of $312,514.27 ($94,804.95 on the performance bond, and $217,709.32 on the payment bond), the net loss to Hanover on the V.F. Capaldi performance and payment bonds was $46,520.75, plus attorney and consultant fees of $48,008.50, for a total loss of $94,529.25. The Indemnity Agreement provides in paragraph 3 that Hanover is entitled to interest on its loss amount from the date when the case was incurred, which was in the fall of 2002.

11. Pursuant to paragraph 3 of the Indemnity Agreement, Capaldi was obligated to post collateral with Hanover to secure Hanover from any loss or expense that it may incur on the performance and payment bonds which it issued for V.F. Capaldi. By letter dated May 23, 2002, Hanover made demand upon Capaldi to post collateral in the amount of $500,000.00, which reflected the amount of the claims pending against the performance and payment bonds at that time. Capaldi failed to post any collateral.

12. The Indemnity Agreement provides that Hanover is entitled to recover its attorney fees incurred in enforcing the Indemnity Agreement against Capaldi. Hanover will submit to the

court at the hearing on the summary judgment motion an affidavit detailing the attorney fees incurred by Hanover as of that date in bringing this lawsuit against Capaldi.

Signed under the pains and penalties of perjury this 2nd day of March, 2007.

Joseph P. Quinn

CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of March, 2007, the foregoing was filed electronically and is available for viewing and downloading from the ECF system.

/s/ Kevin C. Cain
Kevin C. Cain, #3960

655871